GEORGE BALDWIN, plaintiff in error *v.* THE PEOPLE OF
THE STATE OF ILLINOIS, defendants in error.

*Error to Cook.*

Proof that defendant stole a mare or a gelding, will sustain an indictment for
stealing a horse.
An indictment alleging that the animal was stolen and carried away, will be sus-
tained by proof that it was ridden, driven, or led away.

THIS cause was tried before the Hon. Thomas Ford and a jury.
The defendant in the Court below was found guilty, and sen-
tenced to the penitentiary for five years.

J. D. CATON, for the plaintiff in error.

JAMES GRANT, State's Attorney, for the defendants in error.

SMITH, Justice, delivered the opinion of the Court :

The plaintiff in error was indicted and convicted of larceny, at
the October term of the Cook Circuit Court, 1836.    The indict-
ment charged him with feloniously stealing and carrying away
one horse, the proper goods and chattels of one Ashbel Steele.
On the trial, the prisoner's counsel asked the Court to instruct
the jury, "That if they believed from the evidence that the pro-
perty stolen was a gelding or a mare, that in point of law the in-
dictment was not sustained," which the Court refused to do.
This is alleged for error.    There can be no doubt that the refusal
was proper.    The term *horse*, used in the indictment, is descrip-
tive of the *genus* of the animal, and not of the sex or character
changed by artificial means.    The animal was still a " horse," no
matter what the sex, and so was it still a horse, although it might
be a gelding.    The second ground of objection raised, that the
Court refused to instruct the jury " That if they believed the
animal was riden, driven, or led away, the proof did not sustain
the indictment," is without reason to sustain it, and cannot be
entitled to consideration.    It cannot be expected that the proof
is to correspond with the literal interpretation of the words, and
that the party, because he did not literally carry away the animal,
is not guilty.

The judgment of the Circuit Court of Cook county is hereby
affirmed, and the said Court are directed to cause the execution
of the judgment and sentence of the said Court to be carried into
effect without delay.    The defendants in error are also to recover
costs in this Court attending the prosecution of the writ of error,
and have execution therefor.

*Judgment affirmed.*