## Thomas Eborn v. Benjamin Chote.

A contract to pay a specific sum on a given day, is absolute upon its face, and not a conditional obligation, notwithstanding it purports to be given for the hire of a negro, and provides that if the negro run away during the year for which he is hired, the owner shall lose all his time.

If the slave did run away and lose any time, it is a matter of defence to be pleaded and proved by the defendant. The fair interpretation of such a contract is, that the hirer should not lose the wages for the entire term of hiring, but for so much thereof only as the negro might be run away.

Unless a bill of exceptions were tendered, complaining of the charge of the court, which is lost; or the matter complained of in the charge were set out in a motion for new trial; this court will not reverse, because of the refusal of the presiding judge, on motion, to supply the charge.

APPEAL from Travis. Tried below before the Hon. A. W. Terrell. Action brought by the appellee against the appellant, and Samuel M. Wright, the payee of the following instrument, on which the suit was based :

"Twelve months after date, I promise to pay Samuel M. "Wright, or bearer, the sum of one hundred and twenty dollars, "for the hire of negro boy Jo, aged about fourteen years ; and "in case the said boy Jo should run away during the year "eighteen hundred and fifty-seven, the said Wright is to lose "all his time.

"January 1st, 1857. Thomas Eborn."

The note was assigned by Wright to the appellee. Judgment by default against Wright. The defendant excepted to the sufficiency of plaintiff's petition, and for special cause of exception,

as follows: "because it does not show that the plaintiff had com-"plied with the terms of his said contract, and shows no cause "of action against this defendant," &c.; which was overruled. To the facts, he pleaded a failure of consideration in part, that the negro had run away, and that he had lost one-half of the services of the negro, and payment as to the residue. He also pleaded an entire failure of consideration.

The statement of facts showed that the negro ran away about Christmas, and that the hirer lost only about one week of his services; and there was no evidence of any payment having been made. Judgment for plaintiff. Motion by defendant for a new trial; one of the grounds of which was, that the court erred in its charge to the jury. Motion overruled. The defendant, Eborn, then suggested the loss of the charge of the court, supported by the affidavit of the clerk of the court, to the effect that he had made diligent search for the same, that it could not be found, believed it was not returned by the jury, &c.; and the defendant asked a substitution of the charge, or that the judgment be set aside, because he could not prosecute his appeal successfully without the said charge, in which he believed there was error. Refused.

*Hancock* and *West*, for appellant.

*B. H. Carter*, for appellee.

ROBERTS, J. The face of the instrument upon which the suit is founded, presents an absolute, not a conditional obligation, to pay one hundred and twenty dollars for the hire of the negro. One of the ordinary legal incidents of the contract of hiring, is, that if the slave runs away during the term of the hiring, the person who has received the slave on hire, must lose the time thus lost in the labor of the slave. In this particular case, the parties sought to change the rule, by stipulating that in the event the negro should run away during the time of hiring, the owner, Wright, and not the hirer, Eborn, should lose the time. This was the only object of adding this stipula-

3

SUPREME COURT.

tion. Although it states that, in that event, "Wright shall lose all his time," it cannot be reasonably understood that the parties meant, thàt Wright should lose the whole year, if the negro ran away one week in the time, but that he should lose all the time the negro was run away.

Under this view of the case, if the slave did run away and lose any time, it was matter of defence to be pleaded and proved by defendant.

The appellant complains that the charge of the court was lost, and that the court, after the trial, and upon motion, refused to make out and supply the charge. The answer given by the judge to the motion, was, that he did not recollect the charge. It is fair to presume, that if there had been any thing in the charge in violation of the rights of the party, it could have been set out by counsel in connection with the motion, in such way as to have revived the judge's recollection. Or, if the charge was objected to, it might have been supplied by a bill of exceptions. Or, if the matters in the charge were important, and the party had no means of supplying the lost record, then it was incumbent on him to have set out fully the facts in relation to the matter, upon a motion for a new trial. As the case stands before us, there is no ground for relief presented.

Judgment affirmed.