## JOHN LUNSFORD *v.* THE STATE.

1. PRACTICE—LOST CHARGE.—If a charge to the jury has been lost before the transcript has been made out, the appellant, if he desires to assign error upon it, should take steps to supply it in the court below, so as to have it brought up for revision by this court.

2. ERRORS UNASSIGNED.—In a felony case judgment of conviction will be reversed for errors which, though not assigned, cannot be considered as waived by the appellant or cured by the judgment; as, for instance, if the indictment failed to charge any offense against the law.

3. THEFT OF ANIMALS.—The word "horse," in its generic sense, includes all animals of the horse kind, of whatever age or sex; but in Article 2409, Paschal's Digest, it is used in a specific, and not a generic, sense, and does not include geldings, mares, etc.   An indictment, therefore, for the theft of one of the specified animals must itself be specific, and the proof must correspond with its averments, in order to support a conviction; and as the indictment in this case charges the theft of a filly, while the proof showed the animal to be a mare, the conviction is set aside.

APPEAL from the District Court of Bosque.   Tried below before the Hon. F. P. WOOD.

The case is sufficiently stated in the opinion of the court.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, Presiding Judge.    John Lunsford and Thomas Edmundson were indicted in the district court of Bosque county, at its February term, 1874, for the theft of one "gray filly."    The appellant, John Lunsford, was convicted by the jury, and his punishment assessed at five years' confinement in the penitentiary.    The counsel for the defendant in the court below made a motion for a new trial, which was overruled.    He then assigned the following errors, to wit:

1st.  The court erred in its charges to the jury.

2d.  The court erred in refusing the charges asked by the defendant.

3d.  The court erred in refusing a new trial, because the verdict was contrary to the evidence.

We do not think the 1st assignment of errors is well taken.    The certificate of the clerk of the district court, at the bottom of the transcript in this case, shows that the general charge of the court to the jury on the trial has been lost, and that a copy of it has not been incorporated in the record.    And it is recited in the minutes of the court that the jury received the charge of the court.    Further than this, the record shows that one of the grounds assigned by the counsel for the defendant for a new trial, and one of the errors assigned, is " that the court erred in its charge to the jury."    There is nothing in the record before us showing that the court gave a verbal charge.    The law makes it the duty of the district judge, in all cases of felony, to give a written charge to the jury, in which he shall distinctly set forth the law applicable to the case.    In the state of the record, and in the absence of any evidence to the contrary, this court will presume that the district judge who presided at the trial gave a written charge applicable to the case, and

29

that it has in some way disappeared from the papers in the cause.

No particular error in the charge of the court is pointed out in the motion for new trial or in a bill of exceptions. If there was an error in the charge of the court, and its loss was calculated to injure the appellant, it was the duty of the appellant to take steps in the district court to supply it. Pasc. Dig., Arts. 4969, 4970; *Eborn* v. *Chote*, 22 Texas, 34; *Rogers* v. *The State*, 43 Texas, 407.

We deem it unnecessary to notice the other assignment of errors, as this cause must be reversed on another ground.

It does not appear from the face of the indictment that any offense against the law was committed by the defendant. This being so, we cannot affirm the judgment. This court, in cases of felony, will reverse a judgment for errors not presented by the counsel for the defendant in the court below when the error is of such a nature as it cannot be considered as waived by the defendant or cured by the judgment. Our supreme court, in the case of *Sutton* v. *The State*, 41 Texas, 513, says: "In cases of felony we are not restricted to the assignment of errors. If satisfied, from an examination of the record, that the accused has not been convicted according to law, the judgment must be set aside when the error is of such a character that it cannot be considered as waived by the defendant or cured by the judgment; although, as in the present case, neither exception, motion, nor assignment of errors is presented on behalf of the defendant." This court has pursued the same course as above stated.

The defendant was indicted for the theft of a "filly." A "filly" is defined by Mr. Webster as follows: "A young mare or filly; a wanton girl. 1. A young horse; especially a young mare; a female colt. 2. A lively, roistering, or wanton girl." Upon the trial the proof showed that the animal stolen was a mare about two years old.

The indictment in this case should have described the animal stolen as a " mare."

The word " horse" is a generic term, including ordinarily in its signification all the different species of this kind of animals, however diversified by age, sex, use, or artificial means.    The defendant was indicted under Article 2409, Paschal's Digest, which is as follows :

" If any person shall steal any horse, gelding, mare, colt, ass, or mule he shall be punished by confinement in the penitentiary not less than five nor more than fifteen years." If the word " horse" had been used in this Article, without specifying the species, we would not disturb the judgment in this case, because the word " horse," in its generic sense, would include a filly, and there would be no variance between the averment and the proof.    From precedent and authority we feel constrained to hold that the indictment under this Article (2409) fixes its own meaning to the words used.    Said Article specially describes the different species of property by the use of the words " horse, gelding, mare, colt, ass, or mule," and the averments in the indictment against a defendant for the theft of one of these animals must be equally specific, and the proof must correspond with the averment, to sustain a judgment of conviction.

Upon an examination of authorities we find there is an almost current of decisions in courts of last resort, in the United States, to the effect that when a statute makes a distinction between things belonging to the same class, or such as are commonly comprehended within one general term, it is essentially necessary to indicate the particular thing stolen.    To illustrate :  When a statute specifies lambs as well as sheep, and the indictment was for stealing a sheep, evidence of stealing a lamb is not held sufficient to support the charge.    A different rule would govern where the statute has used the generic term, in respect to the animals, as is done under our Penal Code in Article 766, which is as fol-

lows, to wit: " If any person shall steal any cattle he shall be punished by confinement in the penitentiary not less than two nor more than five years." General Laws, Second Session of Thirteenth Legislature, 80. An indictment under this last Article, charging a defendant with the theft of any species of animals which are embraced in the generic term cattle—such as cow, bull, ox, beef steer, heifer, calf, year-ling," etc.—would be sufficient, for the word " cattle" is broad enough to cover each of the species. See the case of *Banks* v. *The State*, 28 Texas, 647, and the authorities there cited, where the rule is correctly laid down.

The judgment of the court below is reversed and the cause dismissed.

*Reversed and dismissed.*