## Amos Persons *v.* The State.

1. Theft of Animals — Verdict. — Indictment charged the theft of "a horse (a stallion);" but the verdict found the accused guilty of theft of "a horse (a gelding) as charged in the indictment." *Held,* that the verdict is not responsive to the charge, and does not support the indictment.

2. Theft — "Horse." — Article 756 of the Penal Code (Pasc. Dig., art. 2409) prescribes the punishment for the theft of "any horse, gelding, mare, colt, ass, or mule." *Held,* on principle and authority, that the

word "horse" is not here used in a generic sense, so as to include other animals of the horse kind, and cannot be construed to include a gelding. The theft of a "horse" and the theft of a mare or gelding are distinct and separate offenses under the article in question.

3. EVIDENCE. — Trying a case of theft, the court below allowed the prosecution to prove, despite objection, that the accused, at the time of the theft, was a county convict, and as such had been hired out. *Held*, error, because the fact thus proved was a mere collateral fact, incapable of generating a reasonable inference of the guilt of the accused, and was liable to mislead the jury to his prejudice.

4. SAME. — To the rule which confines the evidence to the point or matter in issue rare exceptions may be found, but they are limited to cases involving the knowledge or intent of the party in respect of some fact which, though apparently collateral, had some bearing on the main fact in issue.

APPEAL from the District Court of Brazos. Tried below before the Hon. S. FORD.

The case is disclosed in the opinion.

*Davis & Beall*, for the appellant.

*George McCormick*, Assistant Attorney General, and *J. N. Henderson*, County Attorney, for the State.

WINKLER, J. The indictment charges the accused with the theft of "a certain horse (a stallion)." The judge who presided at the trial charged the jury that the defendant was being tried for the theft of "a stallion, an animal of the horse kind." The animal is elsewhere mentioned in the charge as "said stallion," "the stallion in question," and "the stallion." The jury returned a verdict finding the defendant guilty "of theft of a horse (a gelding) as charged in the indictment," and assessing his punishment at confinement in the state penitentiary for a term of five years.

In the statement of facts the animal is spoken of without any apparent reference to whether it was a stallion or a gelding. In one place a witness for the state says he saw the defendant "coming to the place, riding a horse; the horse

was a stallion." The alleged owner of the animal, also a state's witness, says that about a certain time he " missed a horse, the same defendant is charged with having stolen," and after making search and coming up with an animal which he " identified as the horse he had missed, and was looking for; said horse was a stallion."

The animal is frequently mentioned by the witness as " a horse," " the horse," and the like; but the only two witnesses who speak as to the particular kind, the species, of the animal, call it a stallion. No witness said he was a gelding. Was there any evidence to support the verdict of the jury finding the accused guilty of theft of " a horse (a gelding) ? " And does the verdict respond to the indictment, and the charge of the court? To our minds these questions must be answered in the negative.

By the Penal Code, article 756, it is provided that, " if any person shall steal any horse, gelding, mare, colt, ass, or mule, he shall be punished by confinement in the penitentiary not less than five nor more than fifteen years." Pasc. Dig., art. 2409. This article has been construed by our Supreme Court, in the case of *Banks* v. *The State*, 28 Texas, 644. In that case the accused was indicted for the theft of a horse. On the trial the state's witnesses proved that the animal stolen was a mare. The court charged the jury that proof of the theft of a mare will sustain an indictment for the theft of a horse. A conviction was had and an appeal taken, and in the Supreme Court it was contended by the attorney general, among other things, that " the word ' horse ' as used in the Code is generic, and is broad enough to cover each species — stallion, gelding, mare, colt — and at the same time restricted enough to mean each one specifically."

The court, however, held otherwise. Smith, J., delivering the opinion of the court, says, as we think, correctly: " The word ' horse ' is a generic term, including ordinarily

in its signification the different species of that kind of animals, however diversified by age, sex, use, or artificial means ; and, if the word ' horse ' had been used in this article without specifying the species, we would have been entirely satisfied with the ruling of the court, because the word ' horse ' in its generic sense would include a mare, and there would be no variance between the averment and the evidence. It could not be contended successfully that the defendant had been indicted for stealing one thing and convicted for stealing another and different thing. But from precedent and authority we feel constrained to hold that the word ' horse ' in the article cited was not intended to be used in its comprehensive and generic sense, and that it was used as synonymous with the word ' stallion,' or at least it was not in that connection intended to include ' gelding, mare, or colt.' It is our duty to give to the article such construction as will give effect to the meaning of each word, as nearly as can be consistently done with the object and purpose of the Legislature.''

Under the provisions of the Code the theft of a horse and the theft of a mare or a gelding are offenses as separate and distinct as would be the theft of a wagon and a canoe. This court has held that in theft of a *gelding* it was error for the court to give in charge to the jury the punishment for theft of a *mare*. *Keesee* v. *The State*, 1 Texas Ct. App. 298. And so we must hold, under the above construction of the article of the Code under consideration, that the verdict convicting the accused of theft of '' a horse, a gelding,'' will not support an indictment for theft of a horse, a stallion.

On the trial it is shown by a bill of exceptions that the state offered to prove by a witness that the accused, at the time of the alleged commission of the theft for which he was then on trial, was a '' county convict,'' and that the witness had hired him, the accused, for about eight months ; which was objected to on the ground that it was calculated

to prejudice the jury against him. The court overruled the objection and permitted the evidence to go to the jury; to which ruling the defendant took a bill of exceptions.

In this we are of opinion the court erred. Generally any fact, connected with the particular case being investigated, which tended to establish the guilt of the accused — as flight, concealment of stolen property, contradictory statements, and the like — would be admissible. But the evidence offered must correspond with the allegations and be confined to the point in issue. 1 Greenl. on Ev., sec. 50. " This rule excludes all evidence of collateral facts, or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute; and the reason is that such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice and mislead them." 1 Greenl. on Ev., sec. 51. Rare exceptions to this rule may be found. But these exceptions will be found to have been in cases which relate to *knowledge* or *intent* of the party as to some material fact, which, though apparently collateral, had some bearing on the main fact in issue. 1 Greenl. on Ev., sec. 53; *Gilbraith* v. *The State*, 41 Texas, 567; *Shaffer* v. *The Commonwealth*, 2 Green's Cr. Rep. 504; *Watts* v. *The State*, 2 Green's Cr. Rep. 676; *Cesure* v. *The State*, 1 Texas Ct. App. 19.

Other errors are assigned, and are properly presented by bills of exception taken at the time; but, as these are not likely to arise on a subsequent trial, we have not deemed it necessary to consider them further. But, for the reasons above stated, we are of opinion that the court erred in overruling the motion for a new trial. The judgment is reversed and the cause remanded.

*Reversed and remanded.*