## THE PEOPLE, Etc., Respondents, *v.* FRANK BUTLER, Appellant.

1. Term "Horse," what it Includes.—B. was indicted for stealing "two horses," the proof showed that one of the animals stolen was a gelding and the other a mare. *Held,* That the word "horse" mentioned in the statute, includes both "gelding" and "mare."

Appeal from the First Judicial District Court.

The following are the sections of the Criminal Code referred to in the opinion:

"Section 278, grand larceny is larceny committed in either of the following cases:

\*      \*      \*      \*      \*      \*      \*      \*

"When property taken is a horse, mare, gelding, cow, steer, bull, ox, calf, mule, jack, jenny, goat or sheep.

"Section 6,    \*    \*    \*

"Words used in the masculine gender comprehend as well the feminine and neuter.

"\*    \*    \*    Words and phrases must be construed according to the context and the approved usage of the language."

The other facts are stated in the opinion of the court.

*S. H. Lewis,* for appellant, cited Compiled Laws, § 2108; *Brisco* v. *State,* 4 Texas Ct. of Appeal, 219.

*P. T. Van Zile,* for respondents. No brief on file.

Boreman, J., delivered the opinion of the court:

The defendant was indicted for stealing "two horses." The proof showed that one of the animals stolen was a gelding and the other a mare. The court instructed the jury that the word "horses" included both gelding and mare.

The defendant having made his motion for a new trial and

the same having been, by the court below, overruled, he has appealed to this court.

There seems to be but one question in the case. Does the word "horses" include "gelding" and "mare?" If it does, then the instruction was correct, and the proof sustained the indictment.

The language of our Penal Code is, that, when the "property taken is a horse, mare, gelding," etc., the offense is grand larceny. C. L. p. 625, (2108.) Under similar statutes in different States different constructions have been placed upon the meaning of these words.

In Texas the court holds that the word "horse" in the statute does not include gelding or mare. *Brisco* v. *State*, 4 Texas, 219. Reference is made in that case to other like rulings in other States.

In Missouri, under a similar statute, the highest court of the State holds that proof of stealing a *gelding* will support an indictment for larceny of a *horse*. *State* v. *Donnegan*, 34 Mo. 67. The same doctrine is held in Illinois. 2 Ill. (1 Scam.) 304.

In Ohio, the court, in *Hooker* v. *State*, rules by what it deems the current of English authority, that the word *gelding* is not included in the word horse; but says there is no reason in principle why such a rule should be followed, and it would not have been followed in that case, had not the court deemed the English doctrine too strong to be resisted. The rule of *stare decisis* governed the court. 4 Ohio, (Ham.) 348. This Ohio case was decided in 1831 upon a statute similar to ours.

In 1838, the English courts upon an analogous statute, one respecting the larceny of a "ram, ewe, sheep or lamb," held that the word "sheep" in the statute was a generic term, including "ram, ewe, wether," and that the two former words might be rejected. *Rex* v. *McCully*, 2 Moody, 34. And the doctrine of this last case has since been followed as the settled rule in English courts. Bishop's St. Crimes, § 247.

Apply this late English rule to the statute as to larceny of

a "horse, gelding, mare," and the generic word "horse" would include the words "gelding" and "mare."

Mr. Bishop, in his work on Statutory Crimes, having under consideration the rule as to a generic term, including all species thereunder, says that this *later* English doctrine is the true one in principle, and that "if the animal, for example, comes within the term employed in the statute and the indictment, this should be deemed sufficient, though it should be equally well described by some other term." Bish. St. Crimes, § 248.

The same able writer says further that the rule is as yet unsettled in the United States. If it be unsettled, the court should be governed more by principle than by the weight of authority, although it would seem that even the weight of authority is perhaps in favor of the later English rule.

Our Territorial statutes, however, appear to be sufficient to guide us to a correct conclusion.

The Penal Code provides that "the rule of the common law that penal statutes are to be strictly construed has no application to this code; all its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice." C. L. p. 564, § 1834. And the same code further says, that "words and phrases must be construed according to the context and the approved usage of the language." C. L. p. 567, § 1836, par. 23.

If we were to construe the word "horse," in the statute, by its immediate context alone, then we would be required to hold that by "the approved usage of the language," the word horse may and generally does include gelding, mare, and stallion. In common usage, it invariably includes gelding, and is never confined to stallions alone.

But it is not by the immediate context that the word is to be construed, but by the context, and that means the whole statute, that which precedes and that which follows the provision containing the word to be construed. In this same statute therefore we find this other provision which would

seem to settle the whole question in issue, viz., "words used in the masculine gender, comprehend, as well, the feminine and neuter." C. L. p. 567, § 1836, par. 20. If, as is claimed by the appellant, the word "horse" meant only the masculine gender, then by this statute we are required to hold that it includes both the feminine and neuter genders, and these would certainly embrace the words "mare" and "gelding."

The judgment of the court below is therefore affirmed.

