## A. VALESCO *v*. THE STATE.

1. EX POST FACTO LAW. — A law which purports to warrant a conviction on different evidence than was requisite when the offence was committed is *ex post facto* as to such past offences.

2. SAME — THEFT OF ANIMALS. — Prior to the revision of the Codes, a conviction for theft of a "horse" could not be had on proof of the theft of a gelding.   Art. 746 of the Revised Penal Code provides otherwise, by using the word "horse" in a generic sense, instead of its specific signification under the previous law; but the application of this new provision in a trial for horse-theft committed before the Revised Codes took effect would be *ex post facto*.

3. SAME — VARIANCE. — Indictment charged theft of a "horse" at a date prior to the time the Revised Codes took effect. The evidence sustained the allegation as to the time of the offence, but proved that the stolen animal was a gelding. *Held*, that the variance is fatal to the conviction, notwithstanding that the trial was had since the Revised Codes took effect.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. NOONAN.

The opinion discloses the case.

No brief for the defendant.

*W. B. Dunham*, for the State.

CLARK, J. The indictment in this case describes the stolen animal as "a certain horse," the property of Antonio Luna, and alleges the theft to have occurred on the tenth day of June, 1879. The testimony of Juan Luna, the owner of the horses stolen (Antonio Luna being the special owner), establishes the fact that both animals were geldings, and the entire testimony leaves it free from doubt that the theft was perpetrated about the time laid down in the indictment, and anterior to the time the Revised Penal Code went into operation. Under the laws in force at the date of the offence, the discrepancy between the allegation and proof, as respects the character of the animal stolen, was fatal. *Banks* v. *The State*, 28 Texas, 644, and many decisions since.

The change in the Revised Penal Code, art. 746, cannot be held to affect offences committed prior to the time it took effect, because such a construction would authorize a conviction upon different testimony than the law required at the time the act was done, and would therefore come within the inhibition of our Constitutions, State and Federal, as in *ex post facto* enactments. *Calloway* v. *The State*, 7 Texas Ct. App. 583.

Because of a variance between the allegation and proof, as indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*