## THE STATE OF KANSAS v. JOHN BUCKLES.

STEALING A HORSE, *Charged*—*Larceny of a Gelding, Shown.* Under the laws of Kansas providing that "every person who shall be convicted of feloniously stealing, taking, and carrying away . . . any horse, mare, gelding, colt, filly, . . . shall be deemed guilty of grand larceny," (Comp. Laws, 1879, p. 337, § 78,) evidence showing the larceny of a *gelding* will not sustain a charge for stealing a *horse*.

### Appeal from Jackson District Court.

PROSECUTION for stealing a light bay horse of the value of $100, the property of Robert P. Johnson. At the April

Term, 1881, of the district court, the defendant *John Buckles* was found guilty as charged, and sentenced for a term of four years in the penitentiary. From such judgment the defendant appeals. The opinion states the facts.

*Hayden & Hayden,* for appellant:

The evidence of the prosecuting witness, and the admission of the county attorney, show conclusively that the animal alleged in the information to have been stolen and therein called a "horse," was in fact a "gelding" at the time when it is alleged to have been stolen. This is a fatal variance, and the court erred in overruling defendant's motion to instruct the jury to return a verdict of not guilty, and in refusing to give the special instructions numbered sixth and seventh, as asked for by defendant.

Section 78 of the crimes act makes it grand larceny to steal "any horse, mare, gelding, colt, filly, ass, mule, neat cattle, sheep, or hog, belonging to another;" and the rule is well settled in criminal pleading that where, in a statute creating an offense, a general term is used, succeeded by words more precise and definite, the indictment or information must charge the offense in the specific words. (1 Ch. Cr. Law, 283; 1 Bish. Cr. Pro., § 620; Whar. Cr. Pl. and Pr., § 237; Wh. Cr. Ev. § 124; Wh. Prec. Indict. and Pl., § 415, and note *a;* Kelley's Cr. Law, § 594; 2 East's P. C. 616; Leach, 123; Archbold's Cr. Pl. and Pr. 399, and notes; 2 Russell on Crimes, 138.)

If the word "horse" alone had been used in this section, without specifying the species, it is conceded that it might properly have been held to include a mare, gelding, colt, or filly; but the word "horse" in that section is not used in its comprehensive and generic sense, but is there used as synonymous with the word "stallion." The statute itself has thus recognized the distinction between a "horse" and a "gelding," and under similar statutes, both in England and the United States, it has almost invariably been held that the distinction thus recognized by statute must be heeded in the form of the indictment or information. (2 Russell on Cr. 138–140, and

English cases there cited; 2 East's P. C. 616; 1 Bish. Cr. Pro., §§ 619, 620, and cases cited; .Wh. Cr. Pl. and Pr., § 237; Whar. Cr. Ev., § 124; 28 Tex. 644; 1 Tex. Ct. App. 298, 448; 3 id. 240; 4 id. 219; 3 Humph. 324; 4 Ohio, 350; 65 N. C. 539; 18 Ala. 415; 2 Stewart, 12; 16 Kas. 19.)

*W. A. Johnston*, attorney general, and *John S. Hopkins*, county attorney, for The State:

If the animal, as described in the information, falls within any of the terms employed in the statute, it is sufficient. Therefore the proof of stealing a gelding will support an indictment for stealing a horse. (34 Mo. 67.) Proof of stealing a ram will sustain an indictment for stealing a sheep. (2 Harr. 541.) The word "horse" includes in meaning, a gelding. (2 Ill. 304; 39 Ala. 365.)

An information will not be set aside for any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits. (Cr. Code, § 110.) On an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties. (Cr. Code, § 293.) The decisions of this court in regard to immaterial error in criminal cases are in harmony with the sections cited, and decide most strongly that immaterial error in criminal cases is no ground for the reversal of a judgment, even in a case where the defendant is under sentence for murder in the first degree. (17 Kas. 298; 15 id. 302.)

The criminal code furnishes its own rules for determining the sufficiency of the pleadings recognized by it, and courts must give effect to its provisions according to the rules prescribed thereby. (1 Kas. 340.)

Words in an information must be construed in their usual acceptation in common language, except words and phrases defined by law. (Cr. Code, § 107.) The word "horse" includes "gelding," mare, colt, &c., in their usual acceptation. It is unusual for a person to speak of his gelding — to ask another to take a ride behind his gelding — " what do you think

of my gelding?" The word "horse" is commonly used to include gelding, mare, colt, or stallion. Did the use of the word "horse," instead of the word gelding, in the information, tend to the prejudice of the substantial rights of the defendant upon the merits? We think not. The plaintiff in error nowhere claims that he was taken by surprise on account of the evidence proving the animal stolen to be a "gelding" instead of a horse. The common-law rules of construing criminal pleadings have been set aside by our code of criminal procedure, and to that code must we look for the rules to determine the sufficiency of an information or indictment. (14 Kas. 5, 38.)

The opinion of the court was delivered by

VALENTINE J.: This was a criminal prosecution for the larceny of "one light bay horse." The prosecution was had under §78 of the act relating to crimes and punishments. (Comp. Laws 1879, p. 337.) Said section, so far as it is necessary to quote it, reads as follows:

"Every person who shall be convicted of feloniously stealing, taking and carrying away . . . any horse, mare, gelding, colt, filly, ass, mule, neat cattle, sheep, or hog, belonging to another, shall be deemed guilty of grand larceny."

This section was first enacted in 1855, and has been the law of Kansas ever since. On the trial of the case, it was proved and admitted that the animal alleged to have been stolen was in fact a *gelding;* and there was no evidence introduced tending to show that the animal was anything else but a gelding. The defendant asked the court below to instruct the jury among other things, as follows:

"Proof that the property alleged to have been stolen was a 'gelding' does not support the information that the property stolen was a 'horse.'

"If the jury find from the evidence that the defendant did not take, steal and carry away one light bay horse, the property of said Robert P. Johnson, in manner and form as alleged in the information, but that he did feloniously take, steal and carry away one light bay 'gelding,' the property of said Rob-

ert P. Johnson, such finding will not support the allegations of the information, or warrant a verdict of guilty."

But the court below refused to give these instructions, and did not give any instructions embodying the propositions of law contained therein; to which refusal the defendant duly excepted. The jury found defendant guilty as charged in the information. The defendant then moved for a new trial, and in arrest of judgment, which motions the court below overruled, and then rendered judgment against the defendant, sentencing him to imprisonment in the penitentiary for the term of four years; to all of which the defendant duly excepted. The defendant now appeals to this court.

Upon authority, and the statutes of this state, we think the judgment of the court below must be reversed. (*Hooker v. The State,* 4 Ohio, 348; *Banks v. The State,* 28 Tex. 644; *Lunsford v. The State,* 1 Tex. Ct. App. 448; *The State v. Plunkett,* 2 Stewart [Ala.], 11, 12; *Bush v. The State,* 18 Ala. 415, 416; *Turley v. The State,* 3 Humph. 323; *The State v. Ingram,* 16 Kas. 19; Whar. Cr. Ev., § 124; 1 Bish. Cr. Pro., §§ 365, 366; Chitty's Cr. L., p. 283; 2 Arch. Cr. L., p. 399; and authorities cited in defendant's brief.)

It is true that the word " horse" is generally used as a generic term, including all animals of the horse kind — including stallions, mares, geldings, colts, and fillies; but it is not so used in the statute. In the statute it is simply used in the sense of stallion. An indictment or information, therefore, which merely charges the larceny of a horse, does not charge the larceny of any animal except a stallion, and therefore is not sustained by proof showing the larceny of a gelding. Where an indictment or information charges larceny of one of the specific animals mentioned in the statute, the charge is not sustained by proof of the larceny of any one of the other specific animals mentioned in the statute. If the statute had simply used the word "horse," and not used the words "mare, gelding, colt and filly," then we think that proof of the larceny of a *gelding* would be sufficient; but under the statute which specifically mentions the different kinds of animals of

16 — 26 KAS.

the horse kind, and under the authorities, we cannot say that proof of the larceny of a gelding will support a charge of the larceny of a horse.

There are two authorities seemingly against this view,— one in Illinois, (*Baldwin v. The People*, 2 Ill. 304,) and one in Missouri, (*The State v. Donnegan*, 34 Mo. 67.) But we do not think that the Illinois decision is, in fact, against the view we have expressed, for it does not appear that they had any statutes in Illinois, at the time that case was decided, (1836,) similar to ours; and it can hardly be said that the decision in Missouri is against the views we have expressed, for although they have a statute in Missouri the same as ours, yet it does not appear that the attention of the court was called to the statute. The whole of the decision in the Missouri case with reference to this question, reads as follows: "At the trial, evidence was given of the larceny of a gelding, and objection was made that it did not support the indictment for stealing a horse. There is no force in the objection." It would seem that the Missouri case was decided with but very little consideration ; and while we think that the law ought to be as it was decided to be in Missouri, yet we think the decision is against all authority.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.