# South & North Ala. R. R. Co. *v.* Bees.

*Action for Damages against Railroad Company for Killing Horse.*

1. *Amendment of complaint.*—In an action against a railroad company, to recover damages for killing a *horse*, the complaint may be amended by describing the animal as a *mare ;* and such amendment does not introduce a new cause for action, against which the statute of limitations may be pleaded.

2. *Presentation of claim.*—The commencement of the action within six months after the occurrence of the injury, amounts to a presentation of the claim (Code, § 1711), and renders any other presentation unnecessary.

3. *Burden of proof as to negligence.*—When the plaintiff has proved that his horse was killed or injured by one of the defendant railroad's trains, although the circumstances attending the killing are not shown, the *onus* devolves on the defendant to rebut the presumption of negligence ; and no explanatory or exculpatory evidence being offered, the plaintiff is entitled to a verdict.

APPEAL from the Circuit Court of Blount.
Tried before the Hon. JAMES AIKEN.

This action was brought by James Bees, against the appellant railroad company, to recover $150, as alleged in the original complaint, " as damages for negligently killing a valuable horse, the property of plaintiff, on the — day of February, 1885 ;" and was commenced on the 9th June, 1885. At the April term, 1886, the court sustained a de-

murrer to the complaint, because of the insufficient aver-
ment of time and place, and gave leave to the plaintiff to
file an amended complaint; and an amended complaint was
thereupon filed, claiming $150 as damages for the negligent
killing of a valuable mare by the defendant, on the 20th
February, 1885, at a place in the county particularly de-
scribed. This amended complaint is marked filed on the
14th April, 1886, while the judgment sustaining the de-
murrer, and allowing an amendment of the complaint, was
rendered on the 15th April. The defendant pleaded to the
complaint as amended—1st, not guilty; and 2d, "the statute
of limitations of six months under section 1711 of the Code;"
and the cause was tried on issue joined on these pleas.

On the trial, as the bill of exceptions states, "the defend-
ant did not examine any witness at all, and the plaintiff did
not examine any witness who saw the animal killed, or who
knew how the killing occurred, except that the mare was
killed by violent means, and was found dead near the de-
fendant's road, and that there were signs of blood and hair
on the rails and road; nor was it shown whether the killing
occurred in the day or night. After the evidence was
closed, the court allowed the plaintiff, against the objection
of the defendant, to file another amended complaint;"
which was filed on the 14th October, 1886, and alleged that
the mare "was negligently killed by the locomotive or cars
on the defendant's road;" to which amended complaint the
defendant then filed the same pleas as before. "There-
upon, without other or further evidence than is above set
forth" (except as to the presentation of a claim for dam-
ages, which requires no notice), "and this being in sub-
stance all of the evidence," the defendant requested the fol-
lowing charges in writing: (1.) "Under the pleadings and
evidence in this case, there is no presumption of negligence
against the defendant, from the fact of the killing or injury
mentioned in the complaint." (2.) "If the evidence wholly
fails to show how the injury occurred, and fails to show dis-
tinctly that the engineer either saw the mare, or could have
seen her by ordinary diligence in time to stop the train, or
to prevent the injury; then the jury must find for the de-
fendant." (3.) "If the jury believe the evidence, they must
find a verdict for the defendant." The court refused each
of these charges, and the defendant excepted to their refusal.

The allowance of the amended complaint, the refusal of
the charges asked, and other matters, are now assigned as
error.

HAMILL & LUSK, for the appellant.

[Bailey's Adm'r v. Campbell.]

DICKINSON & WARD, contra.

STONE, C. J.—1. There is nothing in the objection urged, that the amendment, substituting the word *mare* for the word *horse*, made a new case, so as to let in the defense of non-presentation within six months.—Code of 1876, §§ 1711–14. *Horse* is a generic term, and includes *mare*. Bouv. Law Dict.; *Lunsford v. State*, 1 Tex. Ct. App. 448; *Baldwin v. People*, 1 Scam. 304; *Wade v. Juda*, 2 Car. & Payne, 351.

2. Nor need we consider any of the rulings on the question of the presentation of the claim within six months after the injury was suffered. The suit was brought in less than six months, and that, of itself, was a written complaint preferred.—*S. & N. Ala. R. R. Co. v. Morris*, 65 Ala. 193; *East Tenn., V. & G. R. R. Co. v. Bayliss*, 74 Ala. 150. Rulings on this question, if erroneous, would be harmless.

3. When the plaintiff proved that his mare had been killed by the train of defendant, the burden was then cast on the railroad company of showing that it had employed that measure of diligence which the law exacts of railroad companies, and that the injury was not caused by its failure to do so ; or, it must show that the injury could not have been averted by the employment of such diligence. Injury being proved, and no explanatory or exculpatory testimony being offered, the case is left with the burden unlifted, and the fault is imputed to the railroad company.—*Ala. G. S. R. R. Co. v. McAlpine*, 75 Ala. 113; *East Tenn., V. & G. R. R. Co. v. Bayliss*, 77 Ala. 429. The charges asked by appellant were properly refused.

Affirmed.