

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Claude A. Williams
Chairman and Executive Director
Texas Unemployment Compensation Commission
Brown Building
Austin, Texas

Dear Sir:

Opinion No. O-5272
Re: Interpretation of a "waiting period
week" as used in the Texas Unemploy-
ment Compensation Act, and authority
of the Commission to make regulations
relative thereto.

We are in receipt of your letter of April 29, 1945,
reading as follows:

"Section 4(e) of the Texas Unemployment Compensation
Act (Article 5221b, Subsection 2(e), V. R. C. S.) provides
as follows:

"'Sec. 4. An unemployed individual shall be eligible
to receive benefits with respect to any benefit period only
if the Commission finds that:

"'(e) Prior to the first payment of any series of
benefits based on an initial claim, he has been totally or
partially unemployed for a waiting period of one week. No
week shall be counted as a waiting period week for the
purposes of this subsection:

"'(1) unless he has registered at an employment
office in accordance with Sec. 4(a) of this Act;

"'(2) unless it is the week immediately preceding or
the week immediately following the filing of an initial
claim, as the Commission may by regulation prescribe;

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Claude A. Williams, page 2

"'(3) if benefits have been paid with respect thereto.'

"Benefits are paid with respect to benefit periods according to the terms of Section 3 (Section 1, Article 5221b, V.R. C. S.), such benefit periods consisting of fourteen days each. Section 6(a) (Article 5221b, Section 4(a) V. R. C. S.) provides that:

"'Claims for benefits shall be made in accordance with such regulations as the Commission may prescribe.'

"Your advice is requested upon the following question:

"May the Commission by regulation prescribe that the waiting period of one week shall be the week immediately following the filing of an initial claim and that benefits may be paid for the benefit period of two weeks immediately following the filing of the initial claim, assuming that the individual applying for such benefits is otherwise eligible and that proper application is made. Benefits cannot have been paid for a benefit period under any circumstances until several days after the expiration of the fourteen days comprising such benefit period. The first initial claim filed by an individual is not compensable."

You request the opinion of this department upon the construction of "waiting period" or "waiting period week", as used in Subsection e of Section 4 of the Texas Unemployment Compensation Act (Article 5221b, V. R. C. S.), and the authority of the Commission to make certain proposed regulations with reference thereto is stated substantially as follows:

(1) May the Commission by regulation prescribe that the "waiting period" or "waiting period week", as used in the statute, be the week immediately following the filing of an initial claim and begin paying benefits for the first benefit period of two weeks immediately following the filing of the initial claim.

Your inquiry assumes that the employee does not labor under any other disqualification for receiving benefits provided for in the statute. The conclusion we have reached as hereinafter expressed is based upon careful consideration and research. In reaching a conclusion upon the immediate

Hon. Claude A. Williams, page 3

question here considered, it is important to note what we think may be generally accepted as the purpose of a "waiting period", which varies somewhat in length of time in the various states. Our statute prescribes the shortest "waiting period", one week, that has come under our observation in our examination of similar provisions in other states.

The waiting period, we think, serves three purposes: (1) it prevents rapid depletion of the unemployment fund by those out of work for only a few days; (2) it affords the unemployment agency an opportunity to find the applicant a job; and (3) it gives the administrative agency time to appraise the merits of the employee's claim. Our statute provides that the "waiting period week" be the week immediately preceding or the week immediately following filing of the claim, as the Commission may by regulation prescribe. We therefore observe that by the express language of the statute the Commission is authorized to fix the waiting period as the week immediately preceding or immediately following the filing of the initial claim. If the Commission by regulation fixes the waiting period as the week immediately following the filing of a claim instead of immediately preceding the filing of the claim, such a regulation is in our view legal and justified by the express language of the statute.

Obviously a more difficult question arises as to whether the Commission may by regulation prescribe that the first benefit period of two weeks begin immediately upon the filing of a benefit claim. It is true that our statute provides "claim for benefits shall be made in accordance with such regulations as the Commission may prescribe," but obviously such regulations must be consistent with and not counter to the statute. If we should hold that the Commission may by regulation begin to pay benefits immediately upon the filing of a claim, assuming that the Commission has by regulation designated the "waiting period" or "waiting period week" as the week immediately following the filing of a claim, we would in effect hold that the "waiting period week" is compensable. To so hold would, in our opinion, render meaningless and useless the provision of the statute providing for a "waiting period week" or "waiting period". A rule of statutory construction too well recognized to require citation of extended authority is that it must be assumed that the Legislature

Hon. Claude A. Williams, page 4

meant to give effect and meaning to all words used in the statute consistent with the purpose to be accomplished by the act. Banks v. State, 28 Texas 644; Missouri-Kansas, Texas R. R. Co. v. Thomoson, 280 S. W. 325; Hill v. State, 114 S. W. 117; Henderson v. U. S. Fidelity & Guaranty Co., 10 S. W. (2d) 534. We think, as used in our statute, that the legislature meant to prescribe a waiting period as a prerequisite for obtaining benefits. To make the benefit period compensable would be inconsistent with this conclusion.

From the standpoint of pure logic it seems manifest that a waiting period definitely implies or carries with it the thought of waiting for something, which could otherwise be obtained were it not for the waiting period. In other words, if the waiting period is compensable, there is nothing for the employee to wait for, and to make it compensable by regulation would in effect nullify the provision of the statute which imposes the waiting period as a period during which the claimant, even though otherwise eligible, must wait a given period of time before receiving any payments.

We are not unmindful of the amendment to Section 4, prescribing benefit eligibility conditions of the original act as it prevailed up to 1939, from which time the present provisions of Sec. 4 have been in effect, and we have considered the original act as amended and as it now is in effect with a view of determining the effect of the amendment upon the question here considered. The original act prescribed a two week waiting period instead of a one week waiting period as the present act provides, but we are unable to find that "waiting period" or "waiting period week", as used in the original act and as used in the amended act, carries with it any indication that the waiting period, whether considered in the light of the original act or the amended act, is meant to be compensable. We think it clear that the waiting period is the period of time during which no money payments of unemployment benefits can be made. It is distinguished from the benefit period, which is a period of time during which payments of benefits can be made. We think both acts, the original and the amended, clearly set forth a period of time when money payments can be made, and also the period known as the "waiting period", and no such waiting period could possibly overlap into the time reserved for making money payments.

Hon. Claude A. Williams, page 5


There is a dearth of judicial interpretation of the term "waiting period" or "waiting period week" as used in the various unemployment compensation acts, but our investigation has revealed that departmental construction of the various administrative agencies throughout the country administering the act invariably construed the waiting period as noncompensable, and we are not able to construe our statute differently.

It therefore follows that it is our view that the Texas Unemployment Compensation Commission may by regulation prescribe the waiting period as the week immediately following the filing of an initial claim, but that benefits cannot be paid for said week. Or in other words, the Commission cannot begin to pay benefits until the claimant has served the prerequisite "waiting period week", which cannot overlap any part of the benefit period.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 24, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

By

D. P. Loller
Assistant

LPL:AMM



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN