

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

May 9, 1966

Major General Thomas S. Bishop       Opinion No. C-679
Adjutant General of Texas
Box 5218 - West Austin Station       Re: Whether the fifteen (15)
Austin, Texas                            day leave of absence allowed
                                         to public officers and employ-
                                         ees by Section 7(a) of Article
                                         5765 for purposes of military
                                         service training or duty is
                                         dependent upon such training
                                         or duty being for a period of
                                         fifteen consecutive days, and
Dear Sir:                                related question.

   Your letter dated April 11, 1966, requesting an opinion
of this office reads, in part, as follows:

     " . . .

    "Annual military training of the National
Guard in the past was normally completed during
a 15 consecutive day encampment period known as
'summer camp.' Training methods and procedures
of the National Guard have changed whereby the
total annual military training of personnel is
not always completed during a consecutive 15
day period. In many cases the 15 day annual
active duty military training is performed by
personnel a day at a time throughout the year.

    "Your opinion is respectfully requested con-
cerning the following specific questions in con-
nection with Article 5765, Section 7(a), Texas
Revised Civil Statutes:

    "(1) Do the provisions of Section 7(a)
Article 5765 mean that entitlement of fifteen (15)
days military leave is based on fifteen (15) con-
secutive days only or does it mean that members
of the State Military Forces, or members of re-
serve components of the Armed Forces who are or-
dered to duty by proper authority on non-conse-
cutive days are entitled to fifteen (15) days
total?

"(2) If the answer to question one is that members of the State Military Forces or members of reserve components of the Armed Forces who are ordered to duty by proper authority on non-consecutive days are entitled to fifteen (15) days total military leave, does this mean fifteen calendar days, or fifteen working days?"

House Bill 410, Acts 59th Legislature, Regular Session 1965, Ch. 690, p. 1601, codified as Section 7(a) of Article 5765, Vernon's Civil Statutes, reads as follows:

"Section 7. (a) All officers and employees of the State of Texas and of any county or political subdivision thereof, including municipalities, who shall be members of the State Military Forces, or members of any of the Reserve Components of the Armed Forces, shall be entitled to leave of absence from their respective duties without loss of time or efficiency rating or vacation time or salary on all days during which they shall be engaged in authorized training or duty ordered or authorized by proper authority, for not to exceed fifteen (15) days in any one calendar year."

In answer to your first question, it is our opinion that the provisions of Section 7(a) of Article 5765, Vernon's Civil Statutes, mean that members of the State Military Forces, or members of reserve components of the Armed Forces who are ordered to duty by proper authority on non-consecutive days are entitled to fifteen (15) days total. Note that in neither the new Section 7(a) of Article 5765, Vernon's Civil Statutes, nor in repealed Article 5769b-1, Vernon's Civil Statutes, is there used the word "consecutive". The Legislature is presumed to have acted carefully, deliberately, intelligently, openly and purposefully in the choice of the language used, especially after similar language has been earlier interpreted. See 53 Tex.Jur.2d 270, Statutes, Sec. 181.

Prior to the enactment of House Bill 410, Acts of the 59th Legislature, Regular Session, the Legislature in addition to providing leave for the normal fifteen day encampment period, known as summer camp, also authorized leave without loss of time or efficiency rating or vacation time or salary on all days of special occasion such as parades and on all days of emergencies such as Hurricane Carla, without limitation, Attorney General's Opinion C-118, 1963. The 1965 Amendment combined these authorized leaves, but limited the authorized leaves to a period "not to exceed fifteen (15) days in any one calendar year."

All language and every part of a statute should be given effect if reasonably possible and pursuant to this rule, a court that is called upon to interpret a statute will consider, examine, read and review the act in its entirety and will act to harmonize all of its parts according to the evident intent of the Legislature. Banks v. State, 28 Tex. 644 (1866); Eddins-Walcher Butane Company v. Calvert, 156 Tex. 587, 298 S.W.2d 93 (1957); 53 Tex. Jur.2d 227, Statutes, Sec 159. Applying this rule of construction, it is noted that the courts of this State have consistently construed statutes liberally in favor of patriotic service and are loath to penalize State employees who perform such services. The Legislature has often evidenced its spirit and intent to encourage such military participation and prior Attorney General's opinions have reflected this over-all position. Attorney General's Opinions C-118 (1963), WW-1477 (1962), V-1228 (1951), V-1062 (1950), and O-2426 (1940).

Reading the statute as a whole and following the rules of statutory construction set out above, it is noted that all officers and employees of the State, county, or political sub-divisions should be entitled to leave "without loss of time. . . on all days during which they should be engaged in authorized training or duty ordered or authorized by proper authority." Leave without loss of time, however, is limited to a period "not to exceed fifteen days in any one calendar year." Thus the Legislature has combined the previous two different types of leaves without loss of time. Therefore, if an individual is on authorized training on a Sunday or legal holiday, or any other day not a working day, there is no loss of time due to the training period. On the other hand, if an officer or employee is on authorized duty on a working day, there is "loss of time." The fifteen day limitation, therefore, applies to those days during which there is "loss of time" and the fifteen day limitation constitutes fifteen working days rather than fifteen calendar days.

You are, therefore, advised that the fifteen day limitation for leave of absence without loss of time or efficiency rating or vacation time or salary, allowed to public officers and employees by the provisions of Subdivision (a) of Section 7 of Article 5765, Vernon's Civil Statutes, for purposes of military service training or duty, relates to working and not consecutive days.

## SUMMARY

The fifteen (15) day leave of absence allowed to public officers and employees by Section 7(a) of

Article 5765, Vernon's Civil Statutes, for purposes of military service training or duty is not dependent upon such training or duty being for a period of fifteen (15) consecutive days. Members of the State Military Forces or members of reserve components of the Armed Forces who are ordered to duty by proper authority on non-consecutive days are entitled to fifteen (15) days total. Moreover, the aforementioned fifteen (15) days relate to working not calendar days.

Very truly yours,

WAGGONER CARR
Attorney General

By: John Reeves
John Reeves
Assistant

By: Alan Minter
Alan Minter
Assistant

JE:eck:mls

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
J. C. Davis
Malcolm Quick
Kerns Taylor

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright