STATE, Respondent, v. BRUNDAGE, Appellant.

(220 N. W. 473.)

(File No. 6120. Opinion filed July 14, 1928.)

258

 

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

POLLEY, J. Defendant was convicted of the crime of grand larceny. His motion for a new trial was denied, and he appeals to the court.

The larceny is alleged to have been committed in the town of Lake Andes in Charles Mix county on the night of September 16, 1924. The store of the G. F. Buche Company was entered, and merchandise consisting of silk goods, shirts, ladies' hose, handkerchiefs, and gloves to the value of about $2,000 was taken. On the 14th day of October following, a search of the residence of defendant at Primghar, in the state of Iowa, was made, and a portion of the goods that had been taken from the Buche store on the night of September 16th were found.

That the corpus delicti was established is not questioned, nor is it questioned that a part of the stolen goods were found in defendant's possession; but there was no direct evidence that he took any part in the actual theft or that he was within the state of South Dakota when the theft was committed, and it is contended by him that possession alone of a part of the stolen property at the time and under the circumstances shown by the evidence in this case is not sufficient to warrant an inference of guilt; that such possession constitutes only a circumstance or evidentiary fact tending to prove the larceny.

 While here possession of recently stolen property is only a circumstance tending to prove the larceny, it is such a circumstance that calls for a satisfactory explanation of such possession by the accused. Upon this question the court instructed the jury as follows:

"Now, on this subject of recent possession of stolen property, if you should find beyond a reasonable doubt defendant was in possession of such property, and that possession was recent, the law is: If from the evidence you should be convinced beyond a rea-

sonable doubt, as I have stated, that the property here in question was stolen, and that the defendant soon after its theft was in possession of it, that is a circumstance to be taken into consideration by you in making up your verdict, and unless such possession is satisfactorily explained, either by the defendant or by the facts and circumstances brought out upon the trial, it is sufficient upon which to base a conviction, provided upon the whole case you are satisfied beyond a reasonable doubt of the defendant's guilt, and that the value of the property stolen was in excess of $20.00. If, upon the other hand, you believe the possession of the defendant under the circumstances shown by the evidence is as consistent with his innocence as with his guilt, it is your duty to acquit him."

In this instruction the court followed the rule announced in 17 R. C. L. 71, and approved by this court in State v. Larsen, 41 S. D. 553, 172 N. W. 114. Defendant, to explain his possession of the stolen property, produced evidence to the effect that his wife purchased the property in question from one Lee Bradley at the home of a family by the name of Finch on the 12th day of August, 1924.

Under the above-quoted instruction the jury was to determine: First. Did the explanation made by the defendant satisfactorily explain his possession of the stolen goods, either by the explanation itself, or by such explanation considered with the other facts and circumstances shown by the evidence? Second. Is the possession of the stolen goods by the defendant under the circumstances shown by the evidence as consistent with defendant's innocence as with his guilt?

The jury by its verdict answered both these questions in the negative, and found the defendant guilty as charged in the information. The jury were the sole judges of the credibility of the defendant. The verdict based on conflicting competent evidence should not be disturbed.

A considerable amount of testimony was received to the effect that defendant was seen in Primghar, Iowa, on the evening of September 14th, and again on the following morning. The distance from Primghar to Platte, where the theft took place, was shown to be about 200 miles. This testimony tends very strongly to prove the defendant was not at the place of the theft, or in the state of South Dakota, at all on the night of September

14th. But it was not essential to his guilt that he was present in person and took an active part in the theft itself. If he helped to plan or direct the theft, with the understanding that he would receive and help to dispose of the fruits of the enterprise, he would be as guilty as though he were present in person. And the fact, if it is a fact, that he remained in the state of Iowa while the theft took place in this state, is wholly immaterial.

The judgment and order appealed from are affirmed.

SHERWOOD and BROWN, JJ., concur.

BURCH, P. J., not sitting.

CAMPBELL, J., dissents.