STATE, Respondent, v. BUTLER, et al., Appellant

(25 N. W.2d 648)

(File No. 8853. Opinion filed December 30, 1946)

Max Royhl and George Longstaff, both of Huron, for Appellant.

George T. Mickelson, Atty Gen., Charles P. Warren, Asst. Atty. Gen., and Chas. R. Hatch, States Atty., of Wessington Springs for Respondent.

SICKEL, J. The state's attorney of Jerauld county filed an information in the circuit court charging R. J. Butler, the defendant, with the crime of grand larceny. Defendant pleaded not guilty. The jury found the defendant guilty as charged, and the court imposed a sentence of five years imprisonment in the state penitentiary. Defendant has appealed.

The information charged the appellant with the larceny of "nine head of cattle of the value of six hundred dollars." The witnesses for the State testified that the stolen property consisted of nine yearling heifers. No evidence of value was introduced. The court instructed the jury that if they believed the State's evidence they should find the defendant guilty of grand larceny. Appellant says that the evidence is insufficient to justify a conviction of grand larceny because there is no evidence that the property taken is of a value exceeding twenty dollars. Section 13.3802 of the code provides:

"Grand larceny is larceny committed in any of the following cases:

"(1) When the property taken is of a value exceeding twenty dollars;

"(2) When such property, although not of a value exceeding twenty dollars, is taken from the person of another; or

"(3) When such property, although not of a value exceeding twenty dollars, is a bull, steer, cow, heifer, calf, stallion, mare, gelding, horse, colt, mule, sheep, goat, swine, building, or poultry.

"Larceny in other cases in petit larceny."

■ Obviously, no conviction of grand larceny is justified under subdivision (1), unless the evidence shows that the property is of a value exceeding twenty dollars. How-

ever, the court submitted the case to the jury under subdivision (3). Appellant says that the information is insufficient to charge the offense of grand larceny under that subdivision because "The use of the words, 'Nine head of cattle' cannot be construed as meaning in the language of the statute (Section 13.3802) either 'bull, steer, cow, heifer, calf.' " In the case of State v. Collins, 53 Mont. 213, 163 P. 102, 103, the court said:

"A horse is still a horse though it may be a stallion, or a gelding, or a mare."

To the same effect is State v. Matejousky, 22 S. D. 30, 115 N. W. 96; Clark v. State, 102 Neb. 728, 169 N. W. 271. By the same criterion we believe that "cattle" are still cattle though they may be bulls, steers, cows, heifers, calves or any combination of the species. The information describes the animals by the name of the species to which they belong, and therefore charges the offense of grand larceny under subdivision (3) of SDC 13.3802.

■ The information alleges that the stolen cattle were the property of John Heezen. Appellant says that the evidence is insufficient to prove such ownership. The evidence shows that the cattle were raised by Anderson. He delivered them to the Wessington Springs Livestock Auction Company for sale. They were offered for sale at public auction by the Auction Company and sold to Heezen. This completed the sale, though the cattle had not been removed by Heezen before they were stolen. SDC 54.0121(2); 7 C. J. S., Auctions and Auctioneers, § 8a, p. 1260. It also appears from the record that after the sale and before the cattle were stolen Heezen had paid the purchase price according to his bid and Anderson had received his share of the purchase money.

■■ After the defendant had rested the state's attorney applied for leave to endorse the names of John Patton and Chris Madsen on the information as witnesses for the State, stating that their names were not known to the state's attorney at the time of the commencement of the trial. The court permitted the endorsement, over defendant's objection.

The witnesses testified impeaching the defendant on two material issues. Defendant made no motion for postponement or continuance on the ground of surprise, and even if he had done so the granting or denial of the application made by the state's attorney was largely in the discretion of the trial court. State v. Fulwider, 28 S. D. 622, 134 N. W. 807. No error could result from the ruling in this instance because the witnesses were called for rebuttal, all their evidence was given in rebuttal, and, therefore, no endorsement was required at all. State v. Mueller, 40 N. D. 35, 168 N. W. 66; 16 C. J., Criminal Law, § 2029, Note 78; 23 C. J. S., Criminal Law, § 948, p. 256.

██ Respondent offered in evidence the complaint in an action commenced by Wessington Springs Livestock Auction Company and others versus Hans Realson and others. This was an action brought for the conversion of seven of the stolen cattle, and the complaint alleged that the Auction Company had bought the cattle from Anderson and was the owner of them. Objection to the offer was sustained, and this ruling is assigned as error. Andrew Christensen, as a witness for the State, had previously testified on cross-examination that he was a partner in the Auction Company, and that such action had been commenced. The allegation of ownership by the Auction Company, as contained in the complaint, was read to the witness by counsel, verbatim and admitted by the witness to be correct. The written complaint offered in evidence was nothing more than corroboration of the thing which had been previously admitted by the witness. The complaint was cumulative, not rebuttal evidence, and it was not prejudicial to sustain the objection to its introduction in evidence.

██ Appellant says that the evidence is insufficient to prove that the cattle described in the information were taken by him. The evidence shows that these cattle were stolen, and that at least some of them were in the possession of appellant on the morning after they were taken. There was no direct evidence to show that they were taken by the appellant. The rule by which the sufficiency of the evi-

dence is to be determined by the jury in such cases was stated by this court in State v. Larson, 41 S. D. 553, 172 N. W. 114, and again in State v. Brundage, 53 S. D. 257, 220 N. W. 473. The instruction approved in those cases was given by the court in this case. According to that rule the question for the jury to determine was whether the possession of the stolen property, under all the circumstances shown by the evidence, was as consistent with appellant's innocence as with his guilt. If not, it was sufficient to justify the conviction, provided, that upon all the evidence the jury were satisfied beyond a reasonable doubt of the guilt of the accused. State v. Brundage, supra. The explanation of possession by appellant and the evidence to support it contained much that was contradictory and inconsistent. The jury were the sole judges of the credibility of the witnesses and all questions of fact. They found the appellant guilty as charged in the information, and we are satisfied from a careful examination of the record that the verdict should not be disturbed.

Judgment affirmed.

POLLEY, J., not sitting.