STATE, Respondent v. BLAKE, Appellant

(159 N.W.2d 803)

(File No. 10399.  Opinion filed June 19, 1968)

**Joseph H. Bottum, III,** Pierre, for defendant and appellant.

**Frank L. Farrar,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, for plaintiff and respondent.

HOMEYER, Judge.

The defendant, Wayne Harmon Blake, was convicted of the crime of grand larceny and appeals. The information charged him with stealing two cows,[1] the property of Pat H. Feeney.

Upon trial the owner positively identified the two cows alleged to have been stolen as his property, but in his identification referred to the one as being approximately four years old and the other as about five years old. In his motion for a directed verdict of acquittal appellant maintained a fatal variance existed between the charge and proof and he now contends the court erred in denying his motion. There is no merit in this contention.

A variance between pleading and proof is not material in a criminal case unless it misleads the accused in making his defense, or may expose him to the danger of being again put in jeopardy for the same offense. 42 C.J.S. Indictments and Informations § 254, p. 1274; 5 Wharton's Criminal Law and Procedure, § 2056, p. 202; State v. Matejousky, 22 S.D. 30, 115 N.W. 96. Here the allegations and proof substantially correspond. In our opinion appellant was adequately informed of the nature of the accusation against him and was not misled in his defense and he could plead the judgment in the case as a bar to a later prosecution for the same offense. State v. Sinnott, 72 S.D. 100, 30 N.W.2d 455. See also State v. Butler, 71 S.D. 455, 25 N.W.2d 648.

---

1. The cows were described in the information as "one four year old Hereford Cow, Red Neck, Branded 77 on left ribs and 7 on left hip and one five year old Hereford Cow branded L/ on left ribs and L on left hip".

In early December 1965 Feeney and several others had a herd of cattle in the pocket area along the Missouri River in Hughes County totaling 451 head. Feeney was sole owner of 161 head including the two cows described in the information. In the same herd were 23 head of steers which he had purchased from Rod Curtis branded C on the right shoulder. Counts were taken on December 1st and 2nd and all the cattle were there. Later counts taken between December 7th and 15th showed 26 head as missing. Three head were later found in a neighbor's pasture in the pocket. Three of the cattle still missing were white face steers purchased from Rod Curtis. On December 29, 1965, Feeney and some investigating officers found one of the missing cows in the pens of the Bales Continental Commission Company at Huron and another in a pasture of that company near Wolsey.[2]

The evidence shows that on December 3, 1965, appellant sold 24 head of livestock at the Bales Continental Commission Company of which 21 were cows and 3 white face steers. The two cows described in the information were purchased by the owners of the commission company. The three white face steers were purchased by Cecil Spears. Rod Curtis testified that he worked for Feeney and made head counts and among the missing cattle were three white face steers which he had sold to Feeney. On January 3, 1966, he accompanied investigating officers to Slayton, Minnesota, where at the farm of Cecil Spears he positively identified three white face steers as among those sold by him to Feeney and missing from the herd. A picture of the three steers taken by one of the officers was received in evidence.

■ Appellant contends the trial court erred when it admitted into evidence testimony and exhibits concerning these three steers without any testimony from the purchaser, Cecil Spears. In our opinion this evidence was proper and admissible without such testimony. Appellant was not charged with the theft of these steers and the only purpose of this evidence would be to show that he had possession of them as a part of the group

---

2. These are the cows alleged to have been stolen and specifically described in the information. See Note 1 supra.

which were stolen from Feeney including the two cows described in the information. The records of the commission company and the testimony of its officers and employees showed appellant's possession of three white face steers in the number he brought to Huron for sale on December 3, 1965. The two cows allegedly stolen were in the same group. The records and testimony showed the sales of the 24 head and the names of the purchasers. The testimony of the purchaser would have been cumulative and was not essential to establish appellant's possession of these steers with the two cows alleged to have been stolen on or about December 3, 1965. The former owner of these steers, who had sold them to Feeney and who was working for Feeney and found them missing, was qualified to identify them as a part of the cattle missing when the alleged crime was committed. The photograph of the three steers, Exhibit 24, taken on January 3, 1966, at the Cecil Spears' farm was merely corroborative of the testimony of Rod Curtis.

■ An accused's possession of other property stolen at about the same time from the same or another owner may be shown where such evidence bears on the issues in the case on trial. Such evidence is admissible where the commission of the other offense and the commission of the one charged are so interrelated that proof of one involves proof of the other or that they constitute parts of one transaction or where relevant to establish identity, guilty knowledge, intent, motive, or a common scheme, plan or system, or to rebut an accused's explanation of his possession of the property charged to have been stolen, or as one of the circumstances of finding the property. 22A C.J.S. Criminal Law § 691 (9) b., p. 823; 29 Am.Jur.2d, Evidence, § 290; State v. Anderton, 81 Utah 320, 17 P.2d 917. See also State v. McCreary, 82 S.D. 111, 142 N.W.2d 240, on limitations of the foregoing rule.

■ Appellant excepted to certain instructions given by the court and also proposed some that the court refused to give. The State's case was based on circumstantial evidence. To a large extent appellant's recent possession of stolen cattle was relied upon as a circumstance tending to establish his guilt. The

court's instruction on circumstantial evidence was substantially in the form approved by this court in many of our decisions. See cases in West's Dakota Digest, 5 Criminal Law, 552. His instruction on recent possession of stolen property was almost repeated verbatim from State v. Flack, 77 S.D. 176, 89 N.W.2d 30. In this case as in Flack, the jury refused to accept appellant's explanation of his possession which they were privileged to do. We believe the instructions considered in their entirety state the law applicable to the case. There was no error in instructions.

Other assignments of error have been considered and determined to be without merit.

Judgment affirmed.

All the Judges concur.