STATE, Respondent v. ROBER, Appellant

(197 N.W.2d 707)

(File No. 10954. Opinion filed May 18, 1972)

Gordon Mydland, Atty. Gen., William J. Srstka, Jr., Asst. Atty. Gen., Pierre, for plaintiff and respondent.

Gene E. Pruitt, Willy, Pruitt & Matthews, Sioux Falls, for defendant and appellant.

DOYLE, Judge.

Defendant was convicted of grand larceny in a trial by a jury in the Circuit Court of Minnehaha County, South Dakota.

On September 18, 1970, an appliance dealer purchased two new color TV sets from Warren Supply Company in Sioux Falls, South Dakota. The dealer, after placing the two TV sets in the box of his pickup truck, parked the truck in the parking lot behind a Sioux Falls bar. When the dealer returned to his truck, some two hours later, the TV sets were gone.

That same evening a Sioux Falls resident purchased a color TV set for $75, plus a trade-in of a used TV set. She discussed the purchase of the set with defendant's companion, Fred Connor, and made the purchase. The set was delivered to the purchaser by the defendant and Connor with the payment made to Connor.

The case was investigated by Sioux Falls police who located the TV set, identified the set as being stolen, and later arrested the defendant. At the time of his arrest, defendant at first denied knowing Connor but later admitted knowing him, but stated that he had not seen him for several months. The defendant later

admitted helping Connor deliver the TV set to the purchaser. Defendant contends that he was but a delivery boy and received $10 from Connor for his aid in making the delivery of the TV set to the purchaser. The defendant did not testify at the trial and there was no comment by the court or counsel upon his failure to so do.

■  Defendant contends that the evidence, being circumstantial in nature, is insufficient to sustain the verdict, and the requirements of defendant's guilt must be proven beyond a reasonable doubt. The principle that circumstantial and direct evidence are of equal weight has long been the rule of this state. The Territory v. Egan, 1882, 3 Dak. 119, 13 N.W. 568; State v. Peck, 1967, 82 S.D. 561, 150 N.W.2d 725, and it is permissible to prove all elements of a crime with circumstantial evidence. State v. Peck, supra. Defendant cites from State v. Ferguson, 48 S.D. 346, 204 N.W. 652, the following:

"As to circumstantial evidence in a criminal case, there is but one rule of law, namely, a quantitative rule that the circumstances proved be sufficient to exclude to a moral certainty every other hypothesis excepting that of guilt."

A statement of similar import is also cited in State v. Scott and Eckerd, 84 S.D. 511, 173 N.W.2d 287. Defendant contends that the evidence in this case is not such that every other hypothesis except that of guilt is excluded. We have amplified the above quoted in State v. Thomas, 78 S.D. 568, 105 N.W.2d 549, by stating:

"However, the last phrase of this rule does not mean that the evidence must be such as to exclude every possible hypothesis of innocence. Rather, it requires only the exclusion of reasonable hypotheses of innocence."

Upon the record here we conclude there to be ample evidence to base a jury finding adverse to the defendant.

■ ■ Defendant contends error in permitting Odde Gould to testify on behalf of the state because his name was not endorsed on the information as required by SDCL 23-20-4. It appears that the witness was well known to both the state and the defendant; he testified at the preliminary hearing, his name was on a list of witnesses provided the defendant by the state prior to the commencement of the trial, but by oversight the witness' name was not endorsed on the information. No prejudice, surprise, or bad faith on the part of the state's attorney, is claimed by the defendant, nor is any apparent in the record. The trial court granted the state's motion to endorse the name of Gould on the information, over defendant's objection, and allowed him to testify. No postponement of the trial was requested by the defendant. The endorsement of the names of witnesses upon an information at the trial is largely within the discretion of the trial court, and in the absence of some showing of abuse or some bad faith on the part of the state's attorney in purposely withholding the name of such witness until such time, resulting in substantial prejudice to the accused, the order of the court permitting the endorsement of such names will not constitute grounds for reversal. State v. Fulwider, 28 S.D. 622, 134 N.W. 807; State v. Butler, 71 S.D. 455, 25 N.W.2d 648. We find no error in permitting the witness Gould to testify.

Defendant contends the giving of South Dakota Pattern Instructions, Criminal, Vol. II, 3-7-370c, which reads:

"If from the evidence you should be convinced beyond a reasonable doubt that the personal property in question was stolen, and that soon after its theft the defendant was in possession of it, such is a circumstance which you may take into consideration with all the other evidence in arriving at your verdict, and unless such possession is **satisfactorily explained by the facts** and circumstances brought out upon the trial, it is sufficient upon which to base a conviction, provided that upon the whole case and all of the evidence you are satisfied beyond a reasonable doubt of the defendant's guilt. But if you believe that the recent possession by the defendant of the property, under the circumstances shown, is consistent with his innocence, it would be your duty to acquit

him, unless you find beyond a reasonable doubt from other evidence in the case that the defendant is guilty" (Emphasis supplied)

is error in that the instruction required an explanation in violation of defendant's constitutional rights against self-incrimination. He cites Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, and State of Iowa v. Johnson, 257 Iowa 1052, 135 N.W.2d 518, to be here applicable.

It appears California has a constitutional provision permitting comment by the court and counsel (see footnote 2, 380 U.S. 609) while Iowa has no constitutional or statutory provision similar to the Fifth Amendment. See State v. Ferguson, 226 Iowa 361, 283 N.W. 917, for an analysis of the Iowa rule allowing comment on defendant's failure to testify.

Both Griffin and Johnson hold comment by the court or counsel on failure of the accused, in a criminal case, to testify violates the self-incriminating clause to the Fifth Amendment to the United States Constitution which is made applicable to the states by the Fourteenth Amendment to the United States Constitution. Both Griffin and Johnson hold that regardless of the source of a permissive comment rule in any state, be it state constitution, state law, or by court rule it violates the Fifth Amendment. The no comment rule has long been the established law in the State of South Dakota, State v. Sonnenschein, 1916, 37 S.D. 585, 159 N.W. 101, and State v. Wolfe, 64 S.D. 178, 266 N.W. 116, but we see no application of this rule to the facts here.

Defendant quotes from the opinion in Young v. State, 1967, Fla.App., 203 So.2d 650, where an instruction read:

"I further instruct you, that where it is known beyond a reasonable doubt that a building has been entered and property stolen therefrom, and soon thereafter, the property is found in the possession of the persons charged with entering the building with intent to steal, such

possession **unexplained** may warrant the inference that such person not only stole the goods, but that they broke and entered the building with intent to steal." (Emphasis supplied)

The intermediate court of appeals held the instruction erroneous on the ground that it violated defendant's right under the Fifth Amendment to the United States Constitution, and the court reversed the conviction. However, that decision was subsequently reversed, and the instruction approved by the Florida Supreme Court in State v. Young, 1968, Fla., 217 So.2d 567. See also Young v. Wainwright, D.C., 320 F.Supp 80, and Young v. Wainwright, 5 Cir., 439 F.2d 426, upholding the conviction of the defendant under the "instruction" in the Federal Courts.

■ In our judgment the instruction given in this case correctly stated the applicable law, State v. Butler, 71 S.D. 455, 25 N.W.2d 648; State v. Brundage, 53 S.D. 257, 220 N.W. 473. The instruction does not compel the testimony of the defendant — it simply states a rule relating to circumstantial evidence from which the jury has a right to infer guilt; the inference of guilt does not arise from the defendant's failure to explain, but from the fact of possession of recently stolen goods. There is no duty to explain the possession of such goods. The accused may explain his possession at the appropriate time, but he is not required to do so. Even if he does come forward with an explanation, the jury is not required to believe it. State v. Young, supra. We find nothing in the instruction repugnant to the defendant's constitutional or statutory rights.

Other errors are assigned, all of which have been considered, but we are satisfied that the trial court's rulings were correct, or if not, no prejudice resulted.

Affirmed.

All the Judges concur.