STATE of South Dakota, Plaintiff
and Appellee,

v.

Carl BROWN, Defendant and Appellant.

No. 12822.

Supreme Court of South Dakota.

Submitted on Briefs Feb. 21, 1980.

On Reassignment Sept. 3, 1980.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, Michael Dow, Legal Asst., on brief.

Joseph Neiles, Asst. Public Defender, Rapid City, for defendant and appellant.

FOSHEIM, Justice (On reassignment).

Appellant appeals from his conviction for possession of a stolen motor vehicle in violation of SDCL 32–4–5. He contends that the information under which he was charged does not describe a public offense and that he was denied constitutional due process and equal protection. We affirm.

On March 15, 1979, the vehicle was parked on a residential driveway. The ignition keys were left on the floor of the car. No one was given permission to drive it. Early the following morning, approximately four blocks from the residence where the automobile had been parked, a Rapid City police officer observed appellant in a vehicle which he was having a difficult time operating. The officer recognized appellant from previous encounters. Observing the problems appellant was having with the vehicle, the officer stopped him to ascertain if he was intoxicated. Upon request, the appellant was unable to produce either a driver's license or vehicle registration. The officer cited appellant for having no driver's license and inquired as to the owner of the vehicle. Appellant responded that it belonged to a friend of his who lived down the road, but he was unable to give a name or address.[1] The officer then attempted by radio to check on the vehicle registration but received no listing information. The officer returned to the station and appellant left the scene, abandoning the vehicle.

Upon returning to the station the officer obtained the registration information and called the owner's father who acknowledged that the vehicle in question belonged to his daughter and was indeed missing. When the vehicle was returned to the owner's father later that morning, he found that very little of the vehicle's fuel supply had been used.

Some two weeks later a warrant was issued for appellant's arrest for possession of a stolen motor vehicle. Upon his arrest, counsel was appointed to represent him. Following a preliminary hearing he was bound over to circuit court for further proceedings. He was arraigned on the information in question[2] and subsequently found guilty by a jury. On June 4, 1979, the trial court sentenced him to the South Dakota State Penitentiary. He appeals from that conviction.

We first examine appellant's claim that the information did not describe a public offense. After the State had rested at the trial, defense counsel made a motion for a directed verdict which the court denied. Defense counsel then presented a demurrer

1. Although the officer had originally stopped appellant for DWI, he did not cite him for such, since after speaking with him he did not believe that appellant was under the influence.

2. The body of the Information reads as follows: That the Defendant Carl Brown at Rapid City, in said Pennington County, State of South Dakota, on or about the 16th day of March, A.D. 1979, then and there being did then and there, feloniously, have in his possession a motor vehicle, to-wit: a 1963 Ford Fairlane 500, South Dakota license # PA–7700, which he knew or had reason to believe was stolen, and was not an officer of the law engaged at the time in the performance of his duty as such officer, in violation of SDCL 32–4–5[.]

which he wished to file with the court.[3] While the trial court held that the filing was untimely, it did go on to rule on the merits of the demurrer, holding that the information did describe a public offense.

We therefore hold that the issue as to whether the filing of the demurrer was timely is moot. We are left then with the question of whether the information did in fact, as found by the trial court, describe a public offense.

The State charged appellant with a violation of SDCL 32–4–5.[4] The first part of that statute provides that "Any person who, with intent to procure or pass title to a motor vehicle which he knows, or has reason to believe, has been stolen, shall receive or transfer possession of the same from or to another . . . shall be guilty of a Class 5 felony." The word "another" is followed by "or who." Thus, the second portion of the statute reads in the disjunctive: "Any person . . . who shall have in his possession any motor vehicle which he knows, or has reason to believe, has been stolen, and who is not an officer of the law engaged at the time in the performance of his duty as such officer, shall be guilty of a Class 5 felony." The first part is concerned with the title to a stolen motor vehicle; the second relates solely to possession of a stolen motor vehicle. The information substantially followed the language of the latter, which is sufficient if it can be understood therefrom that the offense charged is designated in such a manner as to enable a person of common understanding to know what is intended. SDCL 23–32–12(6).[5] *State v. Percy,* 81 S.D. 519, 137 N.W.2d 888 (1965); *State v. Judge,* 81 S.D. 128, 131 N.W.2d 573 (1964); *State v. Thomas,* 78 S.D. 568, 105 N.W.2d 549 (1960); *State v. Pepka,* 72 S.D. 503, 37 N.W.2d 189 (1949); *State v. Rasmusson,* 72 S.D. 400, 34 N.W.2d 923 (1948); *State v. Bayliss,* 59 S.D. 585, 241 N.W. 608 (1932); *State v. Shields,* 13 S.D. 464, 83 N.W. 559 (1900).[6] The trial court gave the statute similar application in instructing on the essential elements of the crime.[7]

.    .    .    .    .

3. SDCL 23–36–8(4), repealed by S.L.1978, ch. 178, § 577, effective July 1, 1979, read:

   The defendant may demur to the indictment or information when it appears upon the face thereof:

   * * * * * *

   (4) That it does not describe a public offense[.]

4. SDCL 32–4–5 provides:

   Any person who, with intent to procure or pass title to a motor vehicle which he knows, or has reason to believe, has been stolen, shall receive or transfer possession of the same from or to another, or who shall have in his possession any motor vehicle which he knows, or has reason to believe, has been stolen, and who is not an officer of the law engaged at the time in the performance of his duty as such officer, shall be guilty of a Class 5 felony. This provision shall not be exclusive of any other penalties prescribed by any existing or future laws for larceny or unauthorized taking of motor vehicles, but shall be deemed supplementary thereto.

5. SDCL 23–32–12(6), which was repealed by S.L.1978, ch. 178, § 577, effective July 1, 1979, and replaced by SDCL 23A–6–7(5) which reads substantially the same, read:

   The indictment or information is sufficient if it can be understood therefrom:

   (6) That the offense charged is designated in such a manner as to enable a person of common understanding to know what is intended.

6. Since the statute mentioned the separate acts disjunctively, and prescribed that each shall constitute the same offense and is subject to the same punishment, the information could also have charged both of such acts conjunctively as constituting a single offense. *State v. Jerke,* 73 S.D. 64, 38 N.W.2d 874 (1949); *State v. Pirkey,* 22 S.D. 550, 118 N.W. 1042 (1908).

7. The court instructed jury by Instruction No. 8 as follows:

   The essential elements of the offense of possession of a stolen motor vehicle as charged in the information, each of which the State must prove beyond a reasonable doubt, are:

   1. That the defendant at the time and place alleged in the information had in his possession a motor vehicle.

   2. That said motor vehicle had been stolen.

   3. That the defendant knew or had reason to believe that said motor vehicle had been stolen.

   4. That the defendant at the time was not an officer of the law engaged in the performance of his duty as such officer.

■ Because appellant was found in the unexplained possession of the stolen vehicle he could have been convicted of its theft on that evidence. *State v. Winkler,* 260 N.W.2d 356 (S.D.1977); *State v. Larkin,* 87 S.D. 61, 202 N.W.2d 862 (1972); *State v. Rober,* 86 S.D. 442, 197 N.W.2d 707 (1972); *State v. Butler,* 71 S.D. 455, 25 N.W.2d 648 (1946); *State v. Johnson,* 70 S.D. 66, 14 N.W.2d 420 (1944) (reversed on other grounds); *State v. Brundage,* 53 S.D. 257, 220 N.W. 473 (1928); *State v. Larson,* 41 S.D. 553, 172 N.W. 114 (1919). The jury could therefore find that he knew the vehicle was stolen.

■ Only by reading the two parts of the statute in the conjunctive does the information fail to clearly and certainly charge every essential element of the crime and thus fall short of describing a public offense. Since the information describes a public offense when SDCL 32–4–5 is read in the disjunctive it follows that the allegations and instructions concerning intent to procure or pass title to the motor vehicle, which appellant claims are wanting, would be redundant. We conclude that the interpretation given to the statute by the state's attorney and the trial court was correct.

Appellant challenges the constitutionality of SDCL 32–4–5 because it allowed him to be charged with felony possession of a stolen motor vehicle when the same facts could have sustained a charge of misdemeanor motor vehicle theft under SDCL 22–30A–1 [8] and 22–30A–17.[9] Appellant argues that, as applied to this case, that statutory scheme violates due process and equal protection.

■ The rules of statutory construction are designed to discover the true intention of the law. *State v. Williamson,* 87 S.D. 512, 211 N.W.2d 182 (1973). It is apparent that the legislature, by enacting SDCL 32–4–5, intended in the exercise of its police powers to alleviate the need in such class of offenses to establish the value of the vehicle as is required in determining the degree of theft in prosecutions under SDCL 22–30A–17. The fact that grand theft is a Class 4 felony, SDCL 22–30A–17, while possession of a stolen motor vehicle carries the lesser maximum penalty of a Class 5 felony, SDCL 22–6–1, seems to buttress that view.

In *Anderson v. Russell,* 64 S.D. 436, 451, 268 N.W. 386, 393 (1936), we observed:

Police power has probably never been defined in the sense that its boundaries have been made adamant. It is, and must be, at once, flexible and limited. It has been said by this court in *State v. Wood,* 51 S.D. 485, 215 N.W. 487, 488, 54 A.L.R. 719: "It has been said that the police power is 'one of the most essential of powers, at times the most insistent, and always one of the least limitable of the powers of government' (*Dist. of Columbia v. Brooke,* 214 U.S. 138, 29 S.Ct. 560, 53 L.Ed. 941), *and the only limit to its exercise in the enactment of laws is that they shall violate no provisions of the state and national Constitutions. . . ."* [Emphasis supplied.]

In *Skinner v. Oklahoma,* 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942), the United States Supreme Court struck down an Oklahoma statute which allowed sterilization for habitual grand larceny offenders but not for the same quality of offenses such as embezzlement. The Court held the statute was discriminatory in violation of the equal

**8.** SDCL 22–30A–1 provides:

Any person who takes, or exercises control over, property of another with intent to deprive him of it, is guilty of theft.

**9.** SDCL 22–30A–17 provides:

Theft is grand theft, if:

(1) The value of the property stolen exceeds two hundred dollars;

(2) The property stolen is livestock or a firearm;

(3) Property of any value is taken from the person of another; or

(4) In the case of theft by receiving stolen property, the receiver is a dealer in stolen property, or the value of the property stolen exceeds two hundred dollars in value.

Theft in all other cases is petty theft. Grand theft is a Class 4 felony. Petty theft is divided into two degrees. Petty theft of one hundred dollars or more is in the first degree and is a Class 1 misdemeanor. Petty theft of less than one hundred dollars is in the second degree and is a Class 2 misdemeanor.

protection clause of the Fourteenth Amendment. The Court made it clear, however, that the Oklahoma legislation ran afoul of the equal protection clause because it involved one of the basic civil rights of man—namely, marriage and procreation. The Court said:

> Only recently we reaffirmed the view that the equal protection clause does not prevent the legislature from recognizing "degrees of evil" [Citations omitted], that "the Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." [Citations omitted.] Thus, if we had here only a question as to a State's classification of crimes, such as embezzlement or larceny, no substantial federal question would be raised. [Citations omitted.] For a State is not constrained in the exercise of its police power to ignore experience which marks a class of offenders or a family of offenses for special treatment. Nor is it prevented by the equal protection clause from confining "its restrictions to those classes of cases where the need is deemed to be clearest." [Citations omitted.]

316 U.S. at 540, 62 S.Ct. at 1113, 86 L.Ed. at 1659.

When examining the validity of a statute, every presumption is indulged in favor of the statute's validity and all presumptions are in favor of its constitutionality until the contrary is shown beyond a reasonable doubt. *Union Pacific Railroad Co. v. United States*, 99 U.S. (9 Otto) 700, 25 L.Ed. 496 (1879); *South Dakota Association of Tobacco and Candy Distributors v. State*, 280 N.W.2d 662 (S.D.1979); *Crowley v. State*, 268 N.W.2d 616 (S.D.1978); *State v. Strong*, 245 N.W.2d 277 (S.D.1976); *State v. Reininger*, 59 S.D. 336, 239 N.W. 849 (1931); *State v. Morgan*, 2 S.D. 32, 48 N.W. 314 (1891). That results in a heavy burden being placed on the assailant. *State Theatre Co. v. Smith*, 276 N.W.2d 259 (S.D.1979). Appellant has failed to carry that burden. We are not persuaded that the statutory scheme of which appellant complains violates his constitutional rights.

We have reviewed the other arguments advanced by appellant and find them to be without merit because they are not supported by the facts in this case.

The judgment of conviction is affirmed.

All the Justices concur.