STATE of South Dakota, Plaintiff
and Appellee,

v.

Joe Levan DEUBLER, Defendant
and Appellant.

No. 14133.

Supreme Court of South Dakota.

Considered on Briefs Nov. 30, 1983.

Decided Jan. 25, 1984.

Steven R. Binger, Deputy State's Atty., Sioux Falls, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Jeff Larson, Minnehaha Public Defender, Sioux Falls, for defendant and appellant.

FOSHEIM, Chief Justice.

Appellant Joe Levan Deubler was found guilty of grand theft of a vehicle in violation of SDCL 22–30A–1 and 22–30A–17. We affirm.

On August 30, 1982, Richard Williams awoke to find his 1977 Chevrolet Luv pickup truck missing at his residence. He reported it to the police. On September 29, 1982, an officer of the Oklahoma City Police Department observed Joe Deubler driving the vehicle and arrested him for possession of a stolen vehicle. The accessories had been stripped and one of the serial numbers had been removed.

Deubler told the arresting officer that the truck had been loaned to him by a friend. Later, however, appellant told Sioux Falls police that in late August 1982 while hitchhiking to Oklahoma City, in search of employment, he was given a ride in this pickup by a man named Jerry. He claims Jerry told him, while they were in Nebraska, that he was headed for St. Louis to enter the Army and would like to sell the truck. Jerry agreed to sell the truck to Deubler for three hundred dollars, provided they would go to St. Louis where Jerry was to remove all the accessories. Upon reaching St. Louis, Jerry dropped Deubler off at a truck stop and drove off with the truck. About three hours later Jerry returned with the truck in its stripped condition. He then gave Deubler a title to the vehicle with the name "Rick Williams" signed on the back as the seller. Deubler had this title when he was interviewed by Sioux Falls Detective McKelvey a few days later. During his interviews with the Sioux Falls police, Deubler never mentioned the loan story he gave in Oklahoma City. At trial, defendant's testimony substantially followed the version he related to the Sioux Falls police.

Appellant filed a motion to exclude evidence of his lack of financial resources. The trial court denied the motion. Deubler claims he then decided that, in order to diminish the effect of the State bringing in evidence of his poverty, he would testify that although he had not been working steadily, he did have three hundred fifty dollars, which he had received from odd jobs and from selling marijuana. The State cross-examined the appellant on this claim.

■ Appellant argues that although the cross-examination questions concerning his financial circumstances were for impeachment, nevertheless, the jury was not precluded from improperly considering this evidence of his poverty as showing a motive to commit theft. This claim also fails. Deubler opened the door to this cross-examination. There was no abuse of discretion in permitting cross-examination on a matter brought up by the witness. SDCL 19–14–19; *State v. Dace*, 333 N.W.2d 812 (S.D.1983).

■ Appellant asserts that the jury should have been instructed as to the lesser degrees of theft. He cites SDCL 23A–26–7 which states, in part: "Whenever a crime is distinguished by degrees, a jury, if it convicts an accused, shall find the degree of the crime of which he is guilty and include that finding in its verdict." SDCL 22–30A–17 divides the offense into grand theft and petty theft in the first and second degrees. The trial court concluded that there was no factual support for an instruction on second degree petty theft. We agree. There is evidence that the value of the property stolen exceeded two hundred dollars. There was no evidence of a value less than the grand theft minimum. The defendant himself testified that he bought the truck for three hundred dollars. The trial court is not required to instruct the jury as to those offenses which might be included in the charged offense but for which the evidence does not warrant an instruction. *State v. Feuillerat*, 292 N.W.2d 326 (S.D.1980); *State v. O'Connor*, 86 S.D. 294, 194 N.W.2d 246 (1972).

■ Appellant objected to the instruction on recent possession of stolen property. He claimed the last sentence was inconsistent with the instruction on direct and cir-

cumstantial evidence. The disputed sentence reads:

> But if you believe that the recent possession of stolen property, under the circumstances shown, is consistent with his innocence, it would be your duty to acquit him, unless you find beyond a reasonable doubt from other evidence in the case that the defendant is guilty.

The circumstantial evidence instruction, on the other hand, states in part that "if all the facts and circumstances shown can be reasonably accounted for upon any theory consistent with the innocence of the defendant, the jury should acquit the defendant." Appellant argues that the first instruction permits the jury to convict even if the recent possession of stolen property could be reconciled with defendant's innocence, while the latter does not.

Although potential conflict can be found when these two instructions are singled out, the entire set of instructions when read together adequately informs the jury as to the elements of the crime and the standards and burden of proof. The jury was instructed that if it accepted defendant's explanation for possession of the truck as reasonable, evidence of possession by itself would not be legally sufficient to warrant a guilty verdict.

■ Finally, appellant contends that there was insufficient evidence to support the verdict as a matter of law. On appeal, the sufficiency of the evidence in a circumstantial evidence case is considered in a light most favorable to the verdict. A verdict of guilty will not be set aside if the State's evidence, considering all favorable inferences to be drawn therefrom, supports a rational theory of guilt. *State v. Robb,* 303 N.W.2d 368 (S.D.1981); *State v. Luna,* 264 N.W.2d 485 (S.D.1978); *State v. Dietz,* 264 N.W.2d 509 (S.D.1978). We find a rational theory of guilt in appellant's possession of the stolen vehicle, his contradicting stories as to how he came into possession and his most recent residence close to the scene of the crime. It is the settled law of this state that possession of recently stolen property is, in itself, a circumstance from which guilt of theft may be presumed. The fact of such possession alone, if unexplained by the facts and circumstances brought out at trial, is a sufficient circumstance upon which to rest a verdict of guilty if it convinces the jury of the defendant's guilt beyond a reasonable doubt. *State v. Brown,* 296 N.W.2d 501 (S.D.1980); *State v. Winckler,* 260 N.W.2d 356 (S.D. 1977); *State v. Larkin,* 87 S.D. 61, 202 N.W.2d 862 (1972); *State v. Rober,* 86 S.D. 442, 197 N.W.2d 707 (1972).

Affirmed.

All the Justices concur.